**NIPPON FIRE & MARINE INSURANCE CO.**

v.

**M/V SPRING WAVE, Barge WTT–8305B, et al.**

**Civil Action No. 99–2618.**

United States District Court, E.D. Louisiana.

Jan. 31, 2000.

Francis A. Courtenay, Jr., Donald J. Volpi, Jr., Philip S. Brooks, Jr., Courtenay, Forstall, Hunter & Fontana, New Orleans, LA, John Francis Fay, Jr., Deutsch, Kerrigan & Stiles, New Orleans, LA, David T. Maloof & Browne, New York City, Thomas M. Eagan, Maloof & Browne, New York City, for plaintiff.

James O.M. Womack, Roberta Desio, James O.M. Womack, LLC, New Orleans, LA, for Transocean Terminal Operators, Inc.

Edward Joseph Koehl, Jr., Etienne Balart, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for Combined Transport Systems, Inc.

Stephen E. Mattesky, Terriberry, Carroll & Yancey, New Orleans, LA, for Daiichi Chuo Kisen Jaisha, Daiichi Chuo Kisen K.K., Daiichi Kosan Kaisha, Chuang Zhi Martime Pte. Ltd., Orix Martime Corp.

Valerie A. Young, Robin Hoban Vogt, Metairie, LA, Anthony John Staines, Eugene W. Polocastri, Jeffrey E. Combes, Staines & Eppling, Merairie, LA, for Olympic Marine Co.

BARBIER, District Judge.

Before the Court is a **Motion to Dismiss** (Rec.Doc. 16) filed by defendants Daiichi Chuo Kiesen Kaisha, Daiichi Chuo Kiesen K.K., Daiichi Kosan Kaisha, Chuang Zhi Maritime Pte. Ltd., and Orix Maritime Corporation. Plaintiff and defendant Olympic Marine Company oppose the motion. The motion, set for hearing on December 22, 1999, is before the Court on briefs.

For the following reasons, the Court denies the motion to dismiss.

### BACKGROUND

This litigation arises from bills of lading arranging for the transportation of 400 wrapped wire-rod coils from Nagoya, Ja-

pan to the Port of New Orleans, Louisiana and then, ultimately, to Lemont, Illinois. The coils were transported to New Orleans by sea on the M/V Spring Wave which was owned and operated by defendants Daiichi Chuo Kisen Kaisha, Daiichi Chuo Kisen K.K., and Daiichi Kosan Kaisha (collectively "Daiichi"). The coils were shipped by Okaya & Co. Ltd. to Okaya (U.S.A.) Inc. from Nagoya to New Orleans. Once in New Orleans, Okaya (U.S.A.) arranged for the coils to be discharged by defendant Transocean Terminal Operators, Inc., ("TTO"), loaded directly onto Barge WTT–8305B which was owned and operated by defendant Olympic Maritime Company ("Olympic"), and transported to Lemont. Okaya (U.S.A.) contracted with defendant Combined Transport Systems, Inc., ("CTS") for the transport agreement on the Barge. CTS then contracted with Olympic for the actual use of the Barge.

On June 28, 1998, Daiichi inspected the coils in Nagoya, considered them to be in good condition, and issued clean onboard bills of lading. However, when the coils arrived in Lemont, it was determined that the coils were extensively damaged with torn covers, scrapes, and rust. As a result, plaintiff, the insurer of the cargo, paid damages to Okaya (U.S.A.), Inc., for the wrecked cargo and became subrogated to its claims.

Plaintiff then brought this action against defendants under theories of contract, bailment, and negligence. Since this action has commenced, TTO has filed a cross-claim against Daiichi, and Olympic has filed a cross claim against Daiichi, Chuang, and Orix.

Defendants Daiichi, Chuang, and Orix (collectively "movants") now bring the instant Motion to Dismiss, arguing that the foreign forum selection clause in the bills of lading which provide for all disputes to be resolved in Japan under Japanese law deprives the Court of jurisdiction.

## DISCUSSION

 Generally, a foreign forum selection clause in a bill of lading will be upheld as valid. *Mitsui & Co. (U.S.A.), Inc., v. Mira M/V,* 111 F.3d 33 (5th Cir.1997) (citing *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 12–13, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). The clause enjoys a presumption of validity which may be overcome upon a showing that the clause is unreasonable under the circumstances. *Id.* at 35. To satisfy the burden of "unreasonable under the circumstances," the opponent of the clause must show "that the clause results from fraud or overreaching, that it violates a strong public policy, or the enforcement of the clause deprives the plaintiff of his day in court." *Id.*

 The foreign forum selection clause at issue reads: "Japanese law shall apply except as may be otherwise provided herein, and any dispute arising under this bill of lading shall be decided by the Tokyo District Court in Japan."

In this case, the Court finds that the clause is unreasonable under the circumstances by violating the strong public policy against limiting liability in contravention of Section 1303(8) of COGSA.[1] Section 1303(8) provides, in pertinent part:

> Any clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault or failure in the duties and obligations provided in this section, or lessening such liability otherwise than as provided in

1. The Court interprets the "lessen liability" ground for invalidating a clause in a bill of lading under Section 1303(8) of COGSA as not a separate ground from the "public policy" ground enunciated in *Bremen,* 407 U.S. at 12–13, 92 S.Ct. 1907. Instead, Section 1303(8) is one of a possible number of inquiries which may be considered under the "public policy" ground for whether the forum selection clause is reasonable under the circumstances.

this chapter, shall be null as void and of no effect.

46 App. U.S.C. § 1303(8).

The reason the Court refuses to enforce the forum selection clause is that certain clauses in the bills of lading which violate Section 1303(8) face a real risk of being enforced by a Japanese court. Movants do not dispute that Clauses 4, 6, and 34 of the bills of lading, if enforced, violate Section 1303(8). The question is simply whether a Japanese court would enforce them.

In support of its opposition, plaintiff provides the affidavit of Akira Nakada who attests that a Japanese Court would interpret Clauses 4, 6, and 34 of the bills of lading as "limiting liability" in violation of Section 1303(8) of COGSA.

For example, Clause 6, in pertinent part, reads:

> If the ship is not owned by, or chartered by demise to Daiichi Chuo Kisen Kaisha (as may be the case notwithstanding anything that appears to the contrary) this bill of lading shall take effect only as a contract with the owner or demise charterer, as the case may be, as principal, made through the agency of Daiichi Chuo Kisen Kaisha, which acts as agent only and shall under no personal liability whatsoever in respect thereof.

According to Nakada, pursuant to the Tokyo District Court's holding in *Jasmine* in 1991, a Japanese Court would interpret Clause 6 and hold that "the shipowner, and not Daiichi, was the carrier of the bill of lading and completely exonerate Daiichi as a carrier under the bill of lading, regardless of their liability under U.S. COGSA." From its wording, if Daiichi Chuo Kisen Kaisha was not the demise charterer of the Spring Wave, then it would not be liable under the bill of lading. Such a provision is unlawful for a vessel owner under Section 1303(8).

Under Clause 4 of the bill of lading, a clause which purports to "contract against the consequences of negligence" in favor of the carrier, Nakada again asserts that a Japanese court would interpret it as limiting liability in violation of Section 1303(8).

Lastly, Nakada cites case-law for the belief that a Japanese Court would uphold Clause 34, providing for the absolution of liability for the servants and agents of the carrier for damages which may be occasioned upon the shipper or cargo. Enforcement of this clause would violate Section 1303(8) as well.

Movants argue that the forum selection clause binds the parties as a contract and that such a clause is not unlawful, as the Japanese Court will apply its version of the Carriage of Goods by Sea Act, 46 App. U.S.C. § 1300 *et seq.* ("COGSA"). In support, movants have submitted an affidavit of Seiichi Nakamura ("Nakamura"). Citing case-law, Nakamura submits that Japan's version of COGSA is similar to COGSA in all material respects, and Japanese courts would not violate Section 1303(8)'s nullification of contractual provisions which limit liability. Nakamura further avers that Article 15(1) of Japanese COGSA is the Japanese law's counterpart to Section 1303(8), providing that any covenant which "operates against the shipper, receiver, or holder of the bill of lading, shall be null and void."

In his affidavit, Nakamura disputes Nakada's assertion of how a Japanese court would interpret Clauses 4, 6, and 34. First, Nakamura believes that the Tokyo District Court's decision in *Amkuk Fire & Marine Ins. Co., Ltd., et. al v. Shinwa Kaiun, Ltd.,* reflects that it would void Clause 6 as a provision in the bills of lading that impermissibly shifts or limits liability. Such a holding would be in full accordance with COGSA.

Second, Nakamura opines that Clause 4 is in direct contravention with Article 15(1) of Japan's version of COGSA and that a Japanese court would surely void it. As for Clause 34, Nakamura's affidavit neither disputes nor confirms Nakada's claim that a Japanese District Court would uphold its absolution of liability. Instead, Nakamura simply "wonders" if recent Japanese case-law has ever really addressed such a clause.

Being unable to predict the Japanese court's interpretation of Japan's COGSA and considering the conflicting opinions by Japanese legal experts, the Court concludes that a real risk exists that a Japanese Court will enforce any one of Clauses 4, 6, and 34.

Movants rely largely upon *Vimar Seguros y Reaseguros, S.A., v. M/V Sky Reefer*, 515 U.S. 528, 540, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995). In *Sky Reefer*, the Supreme Court enforced a Japanese arbitration clause against the concerns of the petitioners that the foreign arbitrators would not apply COGSA. *Id.* at 539–40, 115 S.Ct. 2322. In support of its decision, the Supreme Court reasoned that "[a]t this interlocutory stage it is not established what law the arbitrators will apply to petitioner's claims or that petitioner will receive diminished protection as a result." *Id.* at 540, 115 S.Ct. 2322. The Court noted that the district court had retained jurisdiction to ensure that the arbitrators ultimately honored the policies of COGSA. *Id.*

This case differs from *Sky Reefer* in several important respects. First, unlike in *Sky Reefer* where the Court confronted only allegations that a Japanese court would apply law which might limit liability, the bills of lading themselves contain clauses which if enforced would indeed violate COGSA. Second, plaintiff has submitted the affidavit of Nakada which provides a basis for the concern that certain clauses in the bills of lading will be interpreted to limit liability in violation of Section 1303(8). Third, there is no procedure available for this Court to retain jurisdiction to ensure that the Japanese court properly applies COGSA.

Moreover, holding the forum selection clause invalid furthers the public policy of allowing plaintiff to pursue statutory remedies and maintains the goal of COGSA. *See Sky Reefer*, 515 U.S. at 540, 115 S.Ct. 2322 ("Were there no subsequent opportunity for review and were we persuaded that the 'choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies ..., we would have little hesitation in condemning the agreement as against public policy.'") (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614 637 n. 19, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)).

Lastly, pragmatic considerations weigh in favor of denying the motion. Even if movants' claims are dismissed under the bills of lading, the cross-claims TTO and Olympic have filed against Daiichi will remain because TTO and Olympic were not parties to the bills of lading or its forum selection clause. *See Davidson v. Enstar Corp.*, 848 F.2d 574, 578 (5th Cir.1988) (holding that a non-party to a contract can not be held to its terms). As a result, Daiichi would remain in this Court to defend these claims and litigate the same facts under the same legal theories, thereby undermining the central purpose of this forum selection clause—litigating only in Japan. *See In re Complaint of Rationis Enterprises, Inc. of Panama*, 1999 WL 6364, at *3 (S.D.N.Y. Jan. 7, 1999) (refusing to enforce a foreign forum selection clause in a bill of lading in the interest of equity and judicial economy).

In sum, the Court finds that the foreign forum selection clause is unreasonable under the circumstances because there is a risk that a Japanese Court will interpret the bills of lading as limiting liability in violation of Section 1303(8) of COGSA and the movants would remain before this Court to litigate the same issues regardless of the disposition of this motion. Accordingly,

**IT IS ORDERED** that movants Motion to Dismiss is **DENIED.**