STREET, SOUND AROUND ELECTRONICS, INC., and Pyramid Sound Corporation, Plaintiffs,

v.

M/V ROYAL CONTAINER, M/V Jin An, M/V Hunsa Bhum, their engines, boilers, tackle, etc., in rem, and DSR–Senator Lines GMBH, Regional Container Lines (Private) Ltd., Regional Container Lines Public Co., Richfield Ship Management Private Ltd., Powick Marine(s) Private Ltd., Hong Kong Great Ocean Holding Ltd., and Jinan Shipping, Defendants.

DSR–senator Lines GMBH, Third–Party Plaintiff,

v.

Cougar Audio, CLT International, Soloman Mayer, and Dan Reich, Third–Party Defendants.

No. 98 CIV. 598(JSR).

United States District Court, S.D. New York.

Jan. 4, 1999.

**662**

Edward M. Cuddy, New York, NY, For Plaintiffs.

Steven H. Vengrow, NY, for Senator Lines.

Thomas M. Lanua, NY, for Regional Container Lines.

Owen Duffy, NY, for Powick, Hong Kong Great Ocean Holding and Jinan Shipping.

## MEMORANDUM ORDER

RAKOFF, District Judge.

On January 28, 1998, plaintiffs brought this maritime action seeking recovery for defendants' alleged conversion, misdelivery and/or nondelivery of five shipments of merchandise delivered on three occasions to defendants in Hong Kong for transport to Brazil. Defendant DSR–Senator Lines GMBH ("DSR") thereafter filed a third-party complaint seeking contribution and indemnification. Following service, all defendants time-

ly moved to dismiss the Complaint on the basis of a forum selection clause contained in the bills of lading. Upon consideration of the parties' written submissions and oral argument, the Court telephonically advised the parties on June 1, 1998 that defendants' motions would be granted. This Memorandum Order will formally confirm that ruling and briefly state the reasons therefor.

The bill of lading for each of the five shipments states that "[a]ny dispute arising under and in connection with this Bill of Lading shall be governed by German Law and determined by the courts of Rostock." Affidavit of Stephen H. Vengrow, Ex. C. Each of the bills of lading is signed by DSR, the carrier.

Plaintiffs concede that because this action concerns goods that were to have been transported between Hong Kong and Brazil, the federal Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. app. § 1303(8), which concerns bills of lading for shipments to or from a United States port, is inapplicable, and the Court thus need not consider whether the substantive law to be applied by the foreign tribunal would impermissibly reduce the carrier's obligations to the cargo owner, *see Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* 515 U.S. 528, 539–40, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995). Rather, the Court must enforce the parties' contractual choice of forum unless plaintiffs can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching," *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *see Roby v. Corporation of Lloyd's,* 996 F.2d 1353, 1363 (2d Cir.1993).

Attempting to meet this burden, plaintiffs contend that dismissal in favor of the German forum should be denied because the forum selection clause applies only to disputes with the signatory of the bills of lading, DSR, but if plaintiffs were obliged to sue DSR in Germany while still proceeding on the same cause of action against the remaining defendants in this Court, the result would be undue expense and a risk of inconsistent verdicts. To avoid this unjust result,

they argue, the forum selection clause should not be enforced.

This argument, however, is wholly unconvincing. The possibility of multiple parallel proceedings was a contingency entirely foreseeable to plaintiff when it agreed to the forum selection clause. *See Bremen,* 407 U.S. at 18–19, 92 S.Ct. 1907. Refusing to enforce a forum selection clause on this basis would undermine whatever measure of certainty such clauses bring to the international shipping transactions in which they are commonly employed.

Moreover, defendants' entire premise of multiple proceedings is erroneous because all the defendants, and not just DSR, are entitled to the benefit of the bill of lading's forum-selection provision by virtue of a "Himalaya" clause contained in each of the bills. That clause provides that:

> The Merchant undertakes that no claim or allegation shall be made against any person or vessel whatsoever, other than the Carrier, including, but not limited to, the Carrier's servants or agents, any independent contractor and his servants and agents and all others by whom the whole or part of the Carriage, whether directly or indirectly, is procured, performed or undertaken, which imposes or attempts to impose upon any such person or vessel any liability whatsoever in connection with the Goods or the Carriage, and if any claim or allegation should nevertheless be made to defend, indemnify and hold harmless the Carrier against all consequences thereof. *Without prejudice to the foregoing, every such person and vessel shall have the benefit of all provisions herein benefiting the Carrier as if such provisions were expressly for his benefit and in entering into this contract, the Carrier to the extent of these provisions does so not only on his own behalf but also as agent or trustee for such persons and vessels and such persons and vessels shall to this extent be or be deemed parties to this contract.*

Vengrow Decl., Ex. C, Paragraph 5, provision 2 (emphasis added).

It is true that in certain cases governed by COGSA, courts have declined to extend the immunities available to carriers under COG-

SA to purported agents of those carriers absent an adequate showing of the agency relationship. *See, e.g., Mikinberg v. Baltic Steamship Co.,* 988 F.2d 327, 332 (2d Cir. 1993); *Nippon Fire & Marine Ins. Co. v. M.V. Tourcoing,* 979 F.Supp. 206, 213–214 (S.D.N.Y.1997). These cases are inapplicable here, however, because (i) COGSA does not here apply, (ii) the considerations requiring narrow construction of Himalaya clauses with respect to non-carriers in COGSA cases are not here present, and (iii) the Complaint here specifically alleges that each of the defendants, including the non-carrier defendants, was intimately involved in the transactions here at issue. *See, e.g.,* Complaint ¶¶ 3 (defendants "were and now are engaged in business as bailees and common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or controlled the captioned vessels"); *id.* ¶¶ 4, 9, 14 (defendants "accepted and agreed to transport" the goods); *id.* ¶¶ 6, 11, 16 (defendants breached their duties "as bailees and common carriers and were otherwise at fault"). Thus, under the plain language of the Himalaya clause, each of those defendants constitute entities "by whom the whole or part of the Carriage, whether directly or indirectly, [was] procured, performed or undertaken," and each therefore is entitled to the benefit of the forum selection provision of the bills of lading.

■ Consequently, defendants' motions to dismiss on the basis of the forum selection clause must be granted. Moreover, the Court denies plaintiffs' request that any such dismissal be conditioned on a waiver by defendants of any statute of limitations defense. By bringing suit here and not in Germany, plaintiffs have effectively chosen to ignore the forum selection clause that they previously agreed to; plaintiffs will not be heard now to complain of any potential timeliness problems that this choice may have created. *See Great Am. Ins. Co. v. "Kapitan Byankin",* No. C–96–0258, 1996 WL 756863, at *3 (N.D.Cal. Aug. 1, 1996) ("when a plaintiff initially files in an improper forum despite a contractual obligation, plaintiff and not defendant should bear the burden of the running of the statute of limitations"); *cf. New*

*Moon Shipping Co., Ltd. v. Man B & W Diesel AG,* 121 F.3d 24, 32 (2d Cir.1997) ("[C]onsideration of a statute of limitations would create a large loophole for the party seeking to avoid enforcement of the forum selection clause. That party could simply postpone its cause of action until the statute of limitations has run in the chosen forum and then file its action in a more convenient forum.").

Dismissal of plaintiffs' claims in the main action would ordinarily still leave extant certain claims that were not the subject of the motions to dismiss—specifically, DSR's third-party claims, DSR's counterclaim against plaintiffs, the defendants' various cross-claims, and plaintiffs' direct claims against the third-party defendants, *see* Fed. R.Civ.P. 14(c). However, after the parties were telephonically advised of the Court's ruling on the pending motions, DSR voluntarily dismissed its third-party complaint and its counterclaim against plaintiffs, defendants voluntarily dismissed their cross-claims, and counsel for the plaintiffs notified the Court that they do not intend to proceed in this action against the third-party defendant. Accordingly, the Court having determined that plaintiffs' claims in the main action must be dismissed, and all other claims having been otherwise disposed of, this action is hereby dismissed in its entirety. Clerk to enter judgment.

SO ORDERED.