HARTFORD FIRE INSURANCE COM-
PANY, Viva Trade Corporation, and
International Sales Inc., Plaintiffs,

v.

NOVOCARGO USA INC., DSR Senator
Lines, DSR Senator Lines GmbH,
United Arab Shipping Co. (S.A.G.),
Sirius Navigation Corp., in personas,
and M/V "Pacific Senator," her en-
gines, tackle, boilers, etc., in rem., De-
fendants.

Novocargo USA, Inc., Third–
Party Plaintiff,

v.

Global Terminal & Container Services,
Inc. and Reederei Hansescan GmbH,
Third–Party Defendants.

United Arab Shipping Co. (S.A.G.),
Third–Party Plaintiff,

v.

Casab Colomar, S.A., Third–
Party Defendant.

No. 01 Civ. 94(WHP).

United States District Court,
S.D. New York.

July 30, 2001.

David L. Mazaroli, Law Offices of David L. Mazaroli, New York City, for plaintiff.

John Hay McConnell, Purrington & McConnell, New York City, for defendant Novocargo USA Inc.

Kevin Foley, Cichanowicz, Callan, Keane, Vengrow & Textor, New York City, for defendant DSR Senator Lines GmbH.

Robert A. Milana, London Fischer LLP, New York City, for defendant United Arab Shipping Co.

John R. Geraghty, Geraghty Law Firm, Hackensack, New Jersey, for third-party defendant Global Terminal & Container Services, Inc.

## ORDER

PAULEY, District Judge.

In this multi-party admiralty action, plaintiffs seek to recover approximately $50,000 in damages caused to a shipment of furniture aboard the M/V Pacific Sena-tor during the ocean voyage from Valencia, Spain to the Port of New York. Plaintiffs assert that the cargo sustained further damage as a result of the failure of certain defendants to protect the cargo during post-discharge storage and handling.

Before this Court are two motions to dismiss filed by defendant Senator Lines GmbH ("Senator"), sued under its former name, DSR Senator Lines GmbH. First, it moves to dismiss plaintiffs' complaint on the basis of a Bremen, Germany forum selection clause contained in the bill of lading pursuant to which it carried the cargo. Second, it moves to dismiss the cross-claim of co-defendant United Arab Shipping Co. ("United Arab") on the basis of the London, England arbitration clause in the United Alliance Agreement executed between the parties. Plaintiffs, defendant United Arab, and defendant Novocargo USA, Inc. oppose the motions.

In January 2000, Novocargo, a non-vessel common carrier, contracted to carry the cargo consigned to plaintiff Viva Trade Corporation from Valencia to New York. Novocargo issued three bills of lading, each of which contained the following provision: "This bill of lading shall be construed according to the laws of the United States and the Merchant agrees that any suits against the Carrier shall be brought to the Federal Courts of the United States." (Ex. 2 to Aff. of David L. Mazaroli sworn to July 2, 2001 ("Mazaroli Aff.").)

Documents show that Novocargo subcontracted the ocean carriage of the cargo to Senator. (See Ex. 3 to Mazaroli Aff.) Senator issued a single bill of lading for carriage of the cargo. The Senator bill of lading contained a "Jurisdiction and Law Clause" that stated: "Any dispute arising under and in connection with this Bill of Lading shall be governed by German Law

and determined by the courts of Bremen." (Ex. B. to the Declaration of Norman Choi dated May 16, 2001.)

Reportedly, a vehicle stowed on the M/V Pacific Senator shifted during the voyage and fell onto the container holding the cargo in suit, causing damage to the furniture. (*See* Exs. 5–7 to Mazaroli Aff.) The vehicle, which had been lashed on a flat-rack by defendant Casan Colomar, S.A., was being carried on the M/V Pacific Senator under a bill of lading issued by United Arab as carrier pursuant to a United Alliance Agreement, a slot charter cooperative working agreement executed with Senator. The United Arab bill of lading contained a forum selection clause that provided: "Unless otherwise agreed by the Carrier . . ., the Merchant shall refer any claim or dispute to the United States District Court for the Southern District of New York in accordance with the laws of the United States of America." (Ex. B to Mazaroli Aff.) The United Alliance Agreement to which United Arab and Senator are parties contained the following arbitration clause:

14.1: In the event of any dispute or difference between or among the Parties arising out of or in connection with this Agreement, any one of them may give written notice to the others specifying in detail the subject matter thereof and requiring that it be considered a dispute or d[i]fference to be dealt with according to this clause. After service of such notice, the Parties shall have sixty (60) days in which to endeavor to settle the dispute or difference [by] mutual negotiation and agreement and shall take all necessary steps to amicably resolve all such disputes and differences.

14.2: If the Parties fail to settle the dispute or difference within the said sixty (60) day period or any mutually agreed extension thereto, the matter shall be submitted to arbitration and shall be finally settled under arbitration of the London Maritime Arbitrators' Association. The place of arbitration shall be London, England. The language of the arbitration shall be English.

On or about January 14, 2000, Senator discharged the damaged container at a facility operated by third-party defendant Global Terminal & Container Services, Inc. ("Global Terminal"). Evidently, the cargo sustained further damage following its discharge by Senator and during the process of transferring it to a sound container. (*See* Ex. 5 to Mazaroli Aff.)

Plaintiffs commenced this action on January 5, 2001. Senator answered the complaint and asserted cross-claims against Novocargo and another defendant, later voluntarily dismissed from this action. United Arab Shipping similarly answered and asserted a cross-claim against Senator. Following the initial pretrial conference held in this action on April 6, 2001, the parties proceeded with discovery in accord with the schedule set by this Court. In addition, the docket sheet reflects that Senator withdrew its cross-claim against Novocargo on April 23, 2001, a cross-claim to which Novocargo nevertheless filed an answer on April 30, 2001. Defendants Novocargo and United Arab Shipping also commenced third party actions seeking contribution and indemnification. In response to Novocargo's third-party action, Global Terminal answered, counterclaimed against Novocargo, and cross-claimed against Senator and United Arab Shipping, among others.

*Discussion*

■ Senator does not specify the particular rule of procedure by which it brings these motions. Because it has answered, the motion is properly construed as one for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure. This Court may consider the applicable bills of lading and contractual agreements executed among the parties because they are referenced in the complaint and relied on by the parties in filing their various actions. *See Asoma Corp. v. M/V Southgate,* No. 98 Civ. 7407(CSH), 1999 WL 1115190, at *1 (S.D.N.Y. Dec. 7, 1999).

 A mandatory and exclusive forum selection clause is presumptively valid. *See M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Asoma,* 1999 WL 1115190, at *1. The economic basis for the presumption is that "freely bargained contracts generally should be enforced because the financial effect of forum selection is probably reflected in the value of the contract as a whole." *Insurance Corp. of Hannover, Inc. v. Latino Americana de Reaseguros, S.A.,* 868 F.Supp. 520, 529 (S.D.N.Y.1994) (citing *Carnival Cruise Lines v. Shute,* 499 U.S. 585, 594, 111 S.Ct. 1522, 113 L.Ed.2d 622. (1991)). This presumption of validity may only be overcome by a clear showing that the forum selection clause is unreasonable under the circumstances. *Bremen,* 407 U.S. at 10, 92 S.Ct. 1907; *Roby v. Corporation of Lloyd's,* 996 F.2d 1353, 1363 (2d Cir.1993). A party challenging a forum selection clause may demonstrate unreasonableness only by showing that: (i) the selection of the forum in the contract was the result of fraud or overreaching; (ii) enforcing the clause will for all practical purposes deprive the party of his day in court due to the grave inconvenience or unfairness of the selected forum; (iii) the fundamental unfairness of the chosen forum may deprive the plaintiff of a remedy; and (iv) the clause contravenes a strong public policy of the forum state. *Roby,* 996 F.2d at 1363; *Hannover,* 868 F.Supp. at 529.

 This Court, however, need not reach the issue of the unreasonableness of the German forum selection clause because the clause is permissive rather than mandatory. Second Circuit case law holds that when a forum selection clause specifies only the jurisdiction, "the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors Inc.,* 22 F.3d 51, 52 (2d Cir.1994); *see also Congress Financial Corp. v. Bortnick,* No. 00 Civ. 6361(WHP), 2000 WL 1634248, at *1 (S.D.N.Y. Oct. 31, 2000).

 As Judge Weinfeld eloquently summarized the rule in *City of New York v. Pullman Inc.,* 477 F.Supp. 438, 442 n. 11 (S.D.N.Y.1979), "[a]n agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion ... or it leaves it in the control of one party with power to force on its own terms the appropriate forum." In that same opinion, Judge Weinfeld observed that "[t]he normal construction of the jurisdiction rules includes a presumption that, where jurisdiction exists, it cannot be ousted or waived absent a clear indication of such a purpose." *Pullman,* 477 F.Supp. at 443; *accord Boutari,* 22 F.3d at 53.

In this case, the forum selection clause invoked by Senator is not mandatory, as the use of the word "shall" only confers jurisdiction in the courts of Bremen, Germany without excluding jurisdiction elsewhere or employing mandatory venue language. Indeed, in the majority of the cases cited by Senator involving German forum selection clauses, the clauses at issue contained specific language of exclusion. Therefore, those cases argue against, not in favor of, dismissing plain-

tiffs' complaint. *See Metallia USA, LLC v. M/V Buyalyk,* No. Civ. A. 98–2265, 1999 WL 717642, at *1 (E.D.La. Sept. 13, 1999) ("All and any claims and disputes under this Bill of Lading shall exclusively be referred to arbitration in Bremen according to GMAA (German Maritime Arbitration Association) rules, which were fully incorporated in this bill of lading."); *Reed & Barton Corp. v. M/V Tokio Express,* No. 98 Civ. 1079(LAP), 1999 WL 92608, at *1 (S.D.N.Y. Feb. 22, 1999) ("any claim or dispute arising under this Bill of Lading shall be governed by the Law of the Federal Republic of Germany and determined in the Hamburg courts to the exclusion of the jurisdiction of the courts of any other place."); *Ferrostaal, Inc. v. M/V SER-SOU,* No. 97 Civ. 6262(HB), 1998 WL 414935, at *1 (S.D.N.Y. July 22, 1998) ("All and any claims and disputes under the Bill of Lading shall exclusively be referred to [a]rbitration in Bremen [Germany] ....."). In another case cited by Senator, *Fedmet Corp. v. M/V Buyalyk,* 194 F.3d 674 (5th Cir.1999), the court did not recite the specific language of the clause at issue, only remarking that bill of lading "required" the parties to arbitrate in Germany.

While Judge Rakoff upheld a German forum selection clause similar to the one at issue here, it does not appear that the permissive nature of the clause was raised in opposition to the motion to dismiss in that case. *See Street, Sound Around Elecs., Inc. v. M/V Royal Container,* 30 F.Supp.2d 661 (S.D.N.Y.1999). Moreover, unlike *M/V Royal Container,* none of the plaintiffs here was a signatory to the Senator bill of lading, but executed a Novocargo bill of lading each containing a provision that required suits to be brought in the federal courts of the United States. Therefore, based on the Novocargo bill of lading, there is a question as to whether plaintiffs could have foreseen being hailed into a German court in connection with the

contract to carry the cargo in suit. *Cf. M/V Royal Container,* 30 F.Supp.2d at 663 (upholding German forum selection clause where plaintiff was a signatory to the bill of lading and thus the "possibility of parallel proceedings" in multiple fora "was a contingency entirely foreseeable").

Accordingly, Senator's motion to dismiss plaintiffs' complaint based on the Bremen, Germany forum selection clause is denied.

For similar reasons, Senator's motion to dismiss United Arab's cross-claim based on the London, England arbitration clause in the United Alliance Agreement is denied. Paragraph 14.1 of that agreement explicitly uses the word "may" and thus on its face the agreement to arbitrate in England is permissive.

As set forth in the Scheduling Order dated April 6, 2001, counsel shall submit a joint pretrial order by September 28, 2001 and appear for a final pretrial conference on October 12, 2001 at 10:00 a.m.