BAOSTEEL AMERICA, INC.,
and its subrogated cargo
insurer, Plaintiffs,

v.

M/V "OCEAN LORD", her engines,
tackle, boilers, etc., Hyundai Merchant Marine Co., Ltd. Defendants.

No. 02 Civ. 6395(SAS).

United States District Court,
S.D. New York.

April 9, 2003.

David L. Mazaroli, New York, NY, for Plaintiffs.

Randolph H. Donatelli, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, New York, NY, for Defendant Hyundai Merchant Marine Co. Ltd.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

On August 12, 2002, Baosteel America, Inc. ("Baosteel") and its subrogated cargo insurer commenced this action against Hyundai Merchant Marine Co., Ltd. ("Hyundai") and the vessel M/V "Ocean Lord" ("Ocean Lord") to recover damages for cargo shipped from China to the United States. The cargo was shipped pursuant to the terms of several Bills of Lading, which all included an identical forum selection clause. Hyundai claims that the forum selection clause prohibits an action in this Court and moves to dismiss the Complaint. For the reasons set forth below, Hyundai's motion is granted.

## I. BACKGROUND

Baosteel is a domestic corporation that produces and sells steel products, such as seamless steel casings and tubing. Complaint ("Compl.") ¶ 2. Hyundai is a Korean corporation and common carrier of marine cargo. Answer ¶ 3.

On June 17, 2001, Hyundai issued Bills of Lading to Baosteel for the shipment of seamless steel casing and tubing from Shanghai, China to Houston, Texas. Compl. ¶ 5; Bills of Lading, Ex. B to Hyundai's Notice of Motion. Each Bill of Lading included the following clause:

JURISDICTION. All disputes arising under and in connection with this Bill of Lading shall be settled in the flag-state of the ship, or otherwise in the place mutually agreed between the carrier and the Merchant.

Bills of Lading. Hyundai transported the steel products aboard the chartered vessel Ocean Lord. Upon arrival in Houston, Baosteel discovered that the steel products were damaged.

On August 12, 2002, Baosteel and its subrogated cargo insurer, Ping An Insurance Co. of China Ltd., brought this action against Hyundai seeking $55,000 plus interest for the damaged cargo. Compl. ¶¶ 2, 6–7. In response, Hyundai contends that the Complaint must be dismissed because the forum selection clause in the Bills of Lading require adjudication in Korea. Baosteel does not dispute the existence of the forum selection clause, but argues that it is "peculiarly-worded" and therefore not enforceable. Baosteel's Memorandum of Law in Opposition ("Pl. Mem.") at 2.

## II. LEGAL STANDARD

■■■ A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/V Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); Roby v. Corporation of Lloyd's, 996 F.2d 1353, 1362–63 (2d Cir.1993). "The party claiming unreasonableness of a forum selection clause bears a heavy burden. . . ." New Moon Shipping Co. v. MAN B&W Diesel AG, 121 F.3d 24, 32 (2d Cir.1997). A forum selection clause is unreasonable:

(1) if [its] incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party will for all practical purposes be de-

prived of his day in court, due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clause[ ] contravene[s] a strong public policy of the forum state.

*Roby,* 996 F.2d at 1363 (internal quotation marks and citations omitted).

■ A court determines whether an action is in the proper forum by deciding whether the forum selection clause mandates a specific forum, or merely permits adjudication in that forum. A mandatory forum selection clause grants exclusive jurisdiction to a selected forum. On the other hand, a permissive forum selection clause only reflects the contracting parties' consent to resolve disputes in a certain forum, but does not require that disputes be resolved in that forum. *See John Boutari and Son, Wines and Spirits, S.A., v. Attiki Imps. and Distribs. Inc.,* 22 F.3d 51, 52–53 (2d Cir.1994).

"For a forum selection clause to be deemed mandatory, jurisdiction and venue must be specified with mandatory or exclusive language. However, in the situation where only jurisdiction is specified, the clause will generally not be enforced without additional language indicating the intent of the parties to make jurisdiction exclusive." *Central National–Gottesman, Inc. v. M.V. "GERTRUDE OLDEN-DORFF," her engines, boilers, etc.,* 204 F.Supp.2d 675, 678 (S.D.N.Y.2002) (citing *Boutari,* 22 F.3d at 52). Exclusive jurisdiction can be granted to a forum without the use of specific language of exclusion (*e.g.,* "only", "solely", or "exclusively"). *See Mobil Sales & Supply Corp. v. Republic of Lithuania,* No. 97 Civ. 4045, 1998

WL 196194, at *7 (S.D.N.Y. Apr.23, 1998) ("[Plaintiff] is flatly incorrect in its contention that a forum selection clause is unenforceable absent 'specific language of exclusion.' "), *aff'd,* 166 F.3d 1201, 1998 WL 890183 (2d Cir.1998). The language must only indicate that jurisdiction is not being granted to one forum with the possibility of jurisdiction in another forum. *See Boutari,* 22 F.3d at 53; *Weiss v. La Suisse,* 69 F.Supp.2d 449, 454–56 (S.D.N.Y.1999).

## III. DISCUSSION

### A. Mandatory Forum

■ Hyundai's forum selection clause is mandatory and prohibits the parties from bringing this action. Despite Baosteel's argument that the clause is only permissive, the language of the clause indicates the parties' intent to grant Ocean Lord's flag-state exclusive jurisdiction over any disputes concerning the Bills of Lading. The clause states that all disputes arising under the Bills of Lading "shall be settled in the flag-state of the ship, or otherwise in the place mutually agreed between the Carrier and the Merchant." *See* Bills of Lading. This language does more than simply confer jurisdiction on the forum. The clause provides Baosteel and Hyundai with a guaranteed forum *and* deprives them of the right to bring an action in another forum without mutual consent. As a result, the flag-state has exclusive jurisdiction.[1]

The exclusive nature of Hyundai's forum selection clause is illustrated best by comparison with other such mandatory clauses. Hyundai's clause is analogous to foreign selection clauses stating that "[a]ny dispute arising under [the] Bill of Lading shall be decided in the country where the

---

1. Although the clause allows the parties, in the alternative, to agree on another forum, this language only states the obvious fact that contracting parties may mutually agree to waive a forum selection clause. The parties have not agreed to another forum, therefore Ocean Lord's flag-state retains jurisdiction. This provision does not affect Baosteel and Hyundai's intent to grant the Ocean Lord's flag-state exclusive jurisdiction.

Carrier has his principal place of business." *Stemcor USA, Inc. v. Golden Mgmt. Co.,* No. 99 Civ. 11959, 2001 WL 111293, at *1 (S.D.N.Y. Feb.9, 2001); *Bison Pulp & Paper Ltd. v. M/V Pergamos,* No. 89 Civ. 1392, 1995 WL 880775, at *11 (S.D.N.Y. Nov.29, 1995). Another similar clause provides that disputes "shall be decided and determined by the competent court at Utrecth." *AVC Nederland B.V. v. Atrium Inv. P'ship,* 740 F.2d 148, 155 (2d Cir.1984). In both instances, the mandatory term "shall" is coupled with language granting jurisdiction in one forum without the possibility of jurisdiction in another forum. As a result, the forum selection clauses are mandatory, not permissive.

In contrast, Hyundai's forum selection clause is unlike a permissive clause stating that parties *"have the right* to take any dispute . . . before the judge of the competent court in Switzerland," *Weiss,* 69 F.Supp.2d at 454–56. Another example is where disputes *"may* be brought before the Tokyo District Court in Japan." *TMC Co. v. M/V MOSEL BRIDGE,* No. 01 Civ. 9860, 2002 WL 1880722, at *1 (S.D.N.Y. Aug.15, 2002) (emphasis added). Also, a forum selection clause was found to be permissive where it stated that "[a]ny dispute . . . *shall come within* the jurisdiction of the competent Greek Courts." *Boutari,* 22 F.3d at 53 (emphasis added). Each of these forum selection clauses uses permissive terms (*i.e.,* "have the right", "may", "come within") that would still permit the exercise of jurisdiction in other fora. As explained in *Boutari,* "[a]lthough the word 'shall' is a mandatory term, here it mandates nothing more than that the [Greek courts] *have* jurisdiction." *Id.* (emphasis added) (second alteration in original). The permissive terms used in these examples demonstrate that the contracting parties did not agree to use only one forum.

Furthermore, Baosteel incorrectly asserts that the forum selection clause is ambiguous. The clause properly describes the forum as the "flag-state of the ship." This is a sufficient forum description because it names one forum state that is known or should be known by the contracting parties. Indeed, Baosteel does not dispute that Korea is the flag-state of the Ocean Lord. Nor could Baosteel dispute this fact, as the flag-state of a ship is easily accessible to those involved in the maritime industry. *See, e.g.,* Lloyd's Register of Ships, Ex. D to 2/14/03 Declaration of Randolph H. Donatelli, attorney for Hyundai. A forum selection clause only needs to describe the forum in terms that are understood by the parties, and it need not specify whether disputes will be resolved in a court or by arbitration. *See Stemcor,* 2001 WL 111293, at *1; *Pergamos,* 1995 WL 880775, at **7, 11.

### B. Baosteel's Rebuttal

■ Baosteel does not satisfy its heavy burden of rebutting Hyundai's presumptively enforceable forum selection clause. *See New Moon Shipping,* 121 F.3d at 32. Out of desperation, Baosteel contends that enforcement of the forum selection clause contravenes strong public policy because Hyundai's Bill of Lading violates the Shipping Act, 46 U.S.C.App. § 1707(a)(1)(E) (2002). *See* Pl. Mem. at 4. Pursuant to the Shipping Act, the Federal Maritime Commission requires common carriers to publish a sample of their bills of lading. Although Hyundai published a bill of lading that contains a forum selection clause worded differently than the clause signed by Baosteel, the public policy argument is meritless. The sample bill of lading states that the contract shall be "governed by Korean Law." Specimen Bill of Lading, Ex. 5 to 2/9/03 Affidavit of David L. Mazaroli, attorney for Baosteel, at 3. Therefore, even if Hyundai violated the Shipping Act with a slightly reworded clause, the sample clause and the actual clause used in this

transaction specify Korea as the selected forum and Baosteel was not mislead to assume otherwise.

Baosteel does not provide any grounds for voiding the clause based on unreasonableness. Forum selection clauses are presumptively enforceable because an "agree[ment] in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce, and contracting." *Bremen,* 407 U.S. at 13–14, 92 S.Ct. 1907. Baosteel and Hyundai freely negotiated a private international agreement, unaffected by fraud, undue influence, or overweening bargaining power. As a result of the importance of foreign selection clauses and the clear agreement between these contracting parties, Hyundai's forum selection clause must be enforced.

## IV. CONCLUSION

For the reasons stated above, Hyundai's motion to dismiss the complaint pursuant to Rule 12(b)(3) is granted. The Clerk is directed to close this motion and this case.