**CHISSO AMERICA, INC., Plaintiff,**

v.

**M/V HANJIN OSAKA, her engines, boilers, etc., in rem, Laysan and Hanjin Shipping Co., Ltd., Defendants.**

No. 2:01–CV–1867(AMW)(SDW).

United States District Court,
D. New Jersey.

April 10, 2003.

Charles A. Johnson, Hill Rivkins & Hayden, LLP, Hoboken, NJ, for Plaintiff.

Stephen H. Vengrow, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, Jersey City, NJ, Thomas Eagan, Maloof & Browne LLP, Rye, NY, for Defendant.

## MEMORANDUM OPINION

WOLIN, District Judge.

This matter is before the Court on the motion of defendants, Laysan Shipping, S.A. ("Laysan") and Hanjin Shipping Co., Ltd. ("Hanjin," collectively "Defendants"), to dismiss the amended complaint against them on the basis of a foreign forum selection clause pursuant to Federal Rule of Civil Procedure 12(c). In the alternative, Defendants move for summary judgment on the basis of time bar. This matter is decided on the written submissions pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant defendant's motion to dismiss.

## BACKGROUND

The essential facts of this case are not disputed. In January 2000, plaintiff Chisso America, Inc. ("Plaintiff") delivered a cargo of 800 bags of polypropylene compound to Senko Container Line ("Senko") and DSR Senator Lines GmbH ("Senator") for transportation from Tokyo, Japan to Long Beach, United States.

Senator did not perform the actual shipment from Japan to the United States. Rather, pursuant to a slot charter arrangement, Senator sub-contracted with Hanjin to perform the ocean carriage. Hanjin transported the cargo aboard the vessel M/V HANJIN OSAKA of which it was the demise charterer and Laysan the registered owner.

The shipment was made pursuant to a bill of lading (or sea waybill) issued by Senator which contained the following forum selection clause:

Any dispute arising under and in connection with this Sea Waybill shall be governed by German Law and determined by the courts of Bremen.

Declaration of Migdalia Perez dated April 15, 2002, attached as Exhibit B to

Declaration of Stephen H. Vengrow, Esq. dated April 17, 2002 ("Vengrow Dec.").

In addition, the bill of lading incorporated by reference the terms of Senator's Combined Transport Bill of Lading form, including what is known in the shipping business as a "Himalaya Clause." That provision states, in part:

> Carrier's servants or agents, any independent contractor and his servants or agents, and all others by whom the whole or any part of the Carriage, whether directly or indirectly, is procured, performed or undertaken .... shall have the benefit of all provisions herein benefitting the Carrier as if such provisions were expressly for his benefit.

Vengrow Dec. ¶ 11.

Plaintiff alleges that, upon arrival in Long Beach, the cargo was found to have sustained saltwater damage. Consequently, in April 2001, Plaintiff brought an action before this Court against Senko and Senator seeking damages in the amount of $59,630.72. In September 2001, Plaintiff's claim against Senko was voluntarily dismissed. Shortly thereafter, Plaintiff settled its claim against Senator.

On November 26, 2001, Plaintiff filed an amended complaint naming Laysan and Hanjin as defendants. In response, Defendants filed the pending motion to dismiss based on the Senator bill of lading's forum selection clause. In the alternative, Defendants moved for summary judgment on the basis that Plaintiff's claim was time barred.

## DISCUSSION

■ Defendants have brought this motion to dismiss as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Such a motion is appropriate, where, as here, the defendants have already filed an answer. *See* Fed.R.Civ.P. 12(c) ("After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."). Rule 12(c) is frequently utilized in this type of bill of lading/forum selection clause case, "on the theory that the bill of lading is incorporated by the complaint." *CBJ, Inc. v. M/V HANJIN HONG KONG,* 2000 WL 33258660, at *1 (D.N.J.2000) (citing *Asoma Corp. v. M/V SOUTHGATE,* 1999 WL 1115190 (S.D.N.Y.1999); *New York Marine & Gen'l Ins. Co. v. M/V ADMIRA-LENGRACHT,* 1999 WL 253628 (S.D.N.Y. 1999)).

Motions for judgment on the pleadings are reviewed under a standard similar to that of Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Tradearbed, Inc. v. M/V AGIA SOFIA,* 1997 WL 769525, at *2 n. 5 (D.N.J.1997). In order to prevail on its motion, the moving party must "clearly establish[ ] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.* (quoting *Society Hill Civic Ass'n v. Harris,* 632 F.2d 1045, 1054 (3d Cir.1980)). In considering the motion, the court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in a light most favorable to the nonmoving party." *Id.*

Defendants argue that as the demise charterer and vessel owner, respectively, they fall within the ambit of persons covered by the Himalaya Clause and are therefore entitled to all of the benefits of the Senator Combined Bill of Lading. More specifically, Defendants argue that they are entitled to invoke the Bremen forum selection clause contained in the Senator bill of lading with respect to the present cause of action and that therefore Plaintiff's amended complaint must be dismissed.

■ Before turning to the applicability of the forum selection clause to Defen-

dants, this Court must first determine whether the clause is itself enforceable. "[Forum selection] clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *see also Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER*, 515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995) (foreign forum selection clauses in bills of lading are presumptively enforceable). The party seeking to avoid enforcement bears the burden of showing that the clause is "unreasonable." *The Bremen*, 407 U.S. at 10, 15, 92 S.Ct. 1907. Here, Plaintiff does not contest the reasonableness of the forum selection clause. Instead, Plaintiff argues that the clause is unenforceable because it is permissive rather than mandatory. The Court does not agree.

■■■■ "The general rule in cases containing forum selection clauses is that when only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distributors Inc.*, 22 F.3d 51, 52 (2d Cir. 1994) (internal quotes and alteration omitted) (citing cases). In other words, "[t]he choice of forum must be mandatory rather than permissive." *Id.* at 53. In determining the nature of the clause, courts examine the language of the agreement, applying ordinary principles of contract interpretation. *Bison Pulp & Paper Ltd. v. M/V PERGAMOS*, 1995 WL 880775, at *10 (S.D.N.Y.1995).

The forum selection clause in the Senator bill of lading states that "[a]ny dispute … *shall* be governed by German law and determined by the courts of Bremen" (emphasis added). The courts have repeatedly found such language to be mandatory. In *LPR, SRL v. Challenger Overseas, LLC,* 2000 WL 973748 (S.D.N.Y.2000), the court examined a bill of lading forum selection clause similar to the Senator provision: "All disputes arising under or in connection with this Bill of Lading shall be determined by the laws of the People's Republic of China and any action … shall be brought before the Shanghai Maritime Court …." *Id.* at *2. In deeming that clause mandatory, the Court stated: "To hear such a dispute in any other court would be inconsistent with the explicit forum selection clause. The clause does not simply create jurisdiction in the court in China, it creates exclusive jurisdiction." *Id.* at *3; *see also Union Steel Am. Co. v. M/V SANKO SPRUCE,* 14 F.Supp.2d 682, 687 (D.N.J.1998) (clause stating any dispute "shall be decided," "is not a clause which by providing that a certain forum *shall* have jurisdiction leaves open the question whether such provision was intended to mean that no other forum shall be appropriate"); *Bison Pulp & Paper,* 1995 WL 880775, at *11 ("[Shall be decided] does not merely indicate that the courts of the owner's principal place of business shall have jurisdiction over all disputes …. Rather, it mandates that such disputes must be resolved in that forum.")

*Hartford Fire Ins. Co. v. Novocargo U.S.A., Inc.,* 156 F.Supp.2d 372 (S.D.N.Y. 2001), relied on by Plaintiff, is inapposite. Like the present case, *Hartford* involved a Senator bill of lading forum selection clause to which the parties were not actual signatories. But unlike this case, the parties *were* signatories to a second bill of lading that required suit to be brought in the U.S. courts. In declining to enforce the Senator forum selection clause, the court noted that it found it questionable whether the parties could have foreseen being hailed into a German court where

they had signed an agreement designating a different forum. *See Hartford,* 156 F.Supp.2d at 376. In this case, however, plaintiffs point to no second forum selection clause that would call the Senator clause into doubt. *Hartford* is therefore inapplicable and the forum selection clause is mandatory.

Plaintiff next contends that even if the forum selection clause is mandatory, it is not applicable to the present case. Plaintiff claims that because Defendants were not signatories to the Senator bill of lading, they are not entitled to the benefits of the Himalaya Clause. This argument fails on multiple grounds.

■ First, the language of the Himalaya Clause clearly encompasses Defendants as the vessel owner and demise charterer, respectively. The clause extends the bill of lading's benefits to Senator's "agents . . . and all others by whom the whole or any part of the Carriage, whether directly or indirectly, is procured, performed or undertaken." At the outset, the Court notes that Plaintiff appears to have conceded that Defendants are agents of Senator. Pl.'s Mem. Opp'n at 8 (''[defendants] as agents of Senator by virtue of the Himalaya Clause . . .). Senator's agents are explicitly covered by the Himalaya Clause and entitled to invoke the forum selection clause. *See, e.g., CBJ, Inc. v. M/V HANJIN HONG KONG,* 2000 WL 33258660, at *2 (D.N.J.2000) (applying forum selection clause to claim against land shipper who was agent of principal shipper).

Even if the agency issue is disputed, Defendants are covered by the second part of the above-quoted language as "others by whom . . . the Carriage . . . is performed or undertaken." In its complaint, Plaintiff identifies each of the Defendants as an entity "engaged in the business of a common carrier of goods for hire [that] owned, operated, managed, chartered and/or controlled the M/V Hanjin Osaka."

Am. Compl. at ¶¶ 3, 4. In *Street, Sound Around Elecs., Inc. v. M/V ROYAL CONTAINER,* 30 F.Supp.2d 661 (S.D.N.Y. 1999), a case involving the Senator forum selection clause, the court found that identical language in the complaint indicated that *all* of the defendants, not just the carrier, were "intimately involved in the transactions here at issue." *Id.* at 663. Therefore, the court held, Defendants were the "others" entitled to the benefits of the Himalaya Clause, including enforcement of the Bremen forum selection clause. *Id.* Here too, Defendants, as the demise charterer and vessel owner were "intimately involved" in the shipment, and so covered by the broad language of the Himalaya Clause.

Second, contrary to Plaintiff's position, contractual privity is not a prerequisite to Himalaya Clause coverage. Instead, courts focus on the "nature of the services performed compared to the carrier's responsibility under the carriage contract." *Akiyama Corp. v. M/V HANJIN MARSEILLES,* 162 F.3d 571, 574 (9th Cir.1998) (internal quotation marks and citations omitted). The Clause will be extended to where it was "reasonable for the parties to expect that [a party] would benefit from the forum selection clause to the same extent as the carrier." *CBJ,* 2000 WL 33258660, at *2. Given the Complaint's extensive description of Defendants involvement in the carriage, it was certainly "reasonable" to expect that Defendants would be protected by the Himalaya Clause. Several cases have so held and dismissed complaints against third-parties in favor of forum selection clauses. *See, e.g., Street, Sound Around,* 30 F.Supp.2d at 663; *CBJ,* 2000 WL 33258660, at *2; *Darna Int'l, Inc. v. Hapag–Lloyd (Am.), Inc.,* CV01–1748, at 9 (C.D.Cal.2001) (not reported). Plaintiff points to no case that found otherwise in connection with a demise charterer

or vessel owner and the Court declines to do so here.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint based on the forum selection clause will be granted and the complaint dismissed with prejudice.