**ORMET PRIMARY ALUMINUM CORP, et. al**

v.

**M/V FU AN CHENG et. al.**

**Civil Action No. 08–1667.**

United States District Court, E.D. Louisiana.

Sept. 18, 2009.

Philip S. Brooks, Jr., Ronald Joseph Kitto, Montgomery Barnett, New Orleans, LA, for Ormet Primary Aluminum Corp, Fireman's Fund Insurance Company.

Christopher Ogilvie Davis, Dawei Zhang, Baker Donelson Bearman Caldwell & Berkowitz, New Orleans, LA, for M/V Fu An Cheng.

## ORDER AND REASONS

MARTIN L. C. FELDMAN, District Judge.

Before the Court is Xiamen Ocean Shipping Company's Motion to Dismiss pursuant to Rule 12(b)(1) or 12(b)(3). For the reasons that follow, the motion is GRANTED.

### Background

In February 2007, the Xiamen Ocean Shipping Company and D.R.S. Shipping Company received and loaded a shipment of baked carbon anode aboard the M/V FU AN CHENG at the port of Qingdao, China, for shipment to the port of New Orleans, Louisiana. When the cargo arrived in New Orleans, it was delivered in a damaged condition (which Xiamen Ocean disputes). Plaintiffs allege that the damage to the cargo was caused by the unseaworthiness of the M/V FU AN CHENG and/or the fault and negligence of the Xiamen Ocean. Plaintiff Ormet is the current owner of the cargo, and plaintiff Fireman's Fund had insured the cargo. Xiamen Ocean was and is the owner of the M/V FU AN CHENG.

At the time the cargo was loaded in China, a bill of lading was issued and signed by a representative of D.R.S. "acting as carrier." Ormet was listed as the consignee. Xiamen Ocean is not referenced in the bill of lading. Clause 1 of the bill of lading states: "JURISDICTION. All disputes arising under and in connection with this Bill of Lading shall be settled in the flag-state of the ship, or otherwise in the place mutually agreed between the Carrier and the Merchant."

The plaintiffs filed this action against M/V FU AN CHENG, *in rem*, and D.R.S. and Xiamen Ocean, *in personam*, on April 16, 2008. The Court dismissed D.R.S. pursuant to Federal Rule of Civil Procedure 4(m) in October 2008. In its Motion to Dismiss, Xiamen now argues that the forum selection clause in the bill of lading precludes suit by the plaintiffs in this Court.

### I.

Circuit courts are split on whether the correct motion to dismiss based on a forum selection clause is Rule 12(b)(1) (lack of subject-matter jurisdiction) or Rule 12(b)(3) (improper venue). *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir.2005). The Fifth Circuit has not decided whether a Rule 12(b)(1) motion would be appropriate, but has accepted Rule 12(b)(3) as a proper vehicle to seek dismissal. *Id.*

### II.

Federal law applies to the determination of whether a forum selection clause is enforceable. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Haynsworth v. Corporation*, 121 F.3d 956, 962 (5th Cir.1997). In *M/S Bremen v. Zapata Off-Shore Co.*, the United States Supreme Court held that "the forum clause should control absent a strong showing that it should be set aside." 407 U.S. at 15, 92 S.Ct. 1907. But this presumption applies only to mandatory forum selection clauses. *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123 (5th Cir.1994). "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive.... Although it is not necessary for such a clause to use the word 'venue' or 'forum,' it must do more than establish that one forum will have jurisdiction." *City of New Orleans v.*

*Mun. Admin. Servs., Inc.,* 376 F.3d 501, 504 (5th Cir.2004) (citations omitted). Any ambiguities in interpretation should be construed against the drafter. *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955, 957 (5th Cir.1974).

The Court in *M/S Bremen* found the forum selection clause—"Any dispute arising must be treated before the London Court of Justice."—to be "clearly mandatory and all-encompassing." 407 U.S. at 2,20, 92 S.Ct. 1907. In *Caldas & Sons,* the Fifth Circuit held that simply using the word "shall," would not render a forum selection clause mandatory. 17 F.3d at 127. The forum selection clause stated "[t]he law and courts of Zurich shall be applicable." *Id.* The Fifth Circuit found the clause was permissive because the language was ambiguous and could simply show that the parties consented to the personal jurisdiction of the Zurich courts. *Id.* at 127–28; *see Keaty,* 503 F.2d at 956–57 (construing the clause "This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York" as permissive).

No court in the Fifth Circuit has addressed a forum selection clause like this one. In *Baosteel America, Inc. v. M/V OCEAN LORD,* the Southern District of New York considered a clause identical to the one at issue today: "JURISDICTION. All disputes arising under and in connection with this Bill of Lading shall be settled in the flag-state of the ship, or otherwise in the place mutually agreed between the carrier and the Merchant." 257 F.Supp.2d 687, 688 (S.D.N.Y.2003). The court found the clause was mandatory, comparing it to other clauses that used the term "shall" in combination with the grant of "jurisdiction in one forum without the possibility of jurisdiction in another forum." *Id.* at 690. Furthermore, the court found that "flag-state of the ship" was a

"sufficient forum description because it names one forum state that is known or should be known by the contracting parties." *Id.*

■ The Court finds the *Baosteel* reasoning persuasive. The forum selection clause in this case uses "shall" not only to confer jurisdiction, but by the disjunctive statement, it limits the forum in which parties may settle their disputes: either in the flag-state of the ship or in the place agreed upon by the carrier and merchant-no other option remains. The statement does not merely manifest consent to the jurisdiction of a state, but mandates the flag-state or the agreed upon state as the place disputes will be resolved. Furthermore, the Court finds that "flag-state" is not an ambiguous designation of forum. The flag-state is known, or can be easily discovered, by the parties to the bill of lading. The plaintiffs have not presented any cases holding that the designation of a certain nation as the proper forum does not sufficiently identify a forum, nor that the word "settle" in a clause labeled "jurisdiction" refers to anything other than adjudication. The clause in the bill of lading is unambiguously mandatory.

The plaintiffs also argue that Xiamen Ocean is not the proper party to demand enforcement of the forum selection clause because it was not a party to the contract. Additionally, they contend that because not all of their claims against Xiamen Ocean are governed by the bill of lading, the forum selection should not apply. However, these arguments ignore the terms of the clause itself which purports to embrace "All disputes arising under and in connection with this Bill of Lading." Although there are no Fifth Circuit cases on point, other districts have addressed these issues.

For example, in *Bison Pulp & Paper Ltd. v. M/V PERGAMOS,* the Southern

District of New York rejected the argument that the claims by the defendants for application of the forum selection clause were not covered by the clause. 1995 WL 880775, *14 (S.D.N.Y. Nov.29, 1995) The court looked to the language of the clause, which applied to "[a]ny dispute arising under this bill of lading," rather than to disputes between certain parties involved in the transportation of cargo, and found that the drafters must not have intended to expose themselves to litigation in dispersed tribunals. *Id.* Further, the court held that pleading tort claims in addition to claims under of the bill of lading could not evade the forum selection clause. *Id.* at *15. Instead, the court reasoned, the forum selection clause applied to all claims for the same wrongful conduct. *Id.* Similarly, the Northern District of Georgia held that the plaintiff could not assert claims against the defendant under the charterparty contract, but then contend that the defendant was not a party to the contract for purposes of enforcing the forum selection clause. *Exter Shipping Ltd. v. Kilakos,* 310 F.Supp.2d 1301, 1309 (N.D.Ga.2004).

Thus, although Xiamen Ocean is not a party to the bill of lading, the terms of the bill of lading nonetheless apply to all disputes arising under or in connection with it. In ¶ 7 of the complaint, the plaintiffs assert that the cargo was delivered to the defendants "in consideration of an agreed prepaid freight and in accordance with the terms of a certain bill of lading." They admit that the bill of lading was· signed and delivered by an agent or representative of Xiamen Ocean. In ¶ 9, they claim that defendants are responsible for the damaged cargo under the governing contract of affreightment. They cannot now contend that Xiamen Ocean is not covered

by the bill of lading. Furthermore, their tort claims cannot be severed from the claims under the bill of lading; only one set of facts applies to this case.

The Court finds that the forum selection clause is mandatory and that it applies to the claims asserted against Xiamen Ocean in this case.[1] Accordingly, the defendants' motion to dismiss is GRANTED.

---

1. The plaintiffs have made no allegations that the forum selection clause should not be enforced because it was affected by "fraud, undue influence, or overweening bargaining power." *See M/V Bremen,* 407 U.S. at 12, 92 S.Ct. 1907.