09-0045-cv
Macsteel International v. M/V Larch Arrow, et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand and nine.

Present:     ROSEMARY S. POOLER,
             ROBERT A. KATZMANN,
             DEBRA ANN LIVINGSTON,

                           Circuit Judges.
_____

MACSTEEL INTERNATIONAL USA CORP.,

                           Plaintiff-Appellant,

             -v-                                    ( 09-0045-cv)
M/V LARCH ARROW, her engines, boiler, etc.,

                           Defendant-Appellee,

STADT SOLINGEN,

                           Defendant-Cross-Claimant-Appellee,

GEARBULK, GEARBULK HOLDING LIMITED, GEARBULK LTD.,

                           Defendants-Cross-Defendants-Appellees.
_____

Appearing for Appellants:     Lawrence C. Glynn, Nicoletti Hornig & Sweeney, New York, New York.

Appearing for Appellee Stadt Solingen:     Garth S. Wolfson, Mahoney & Keane, LLP, New York, New York.

Appearing for Appellees Gearbulk, Gearbulk Holding Limited, Gearbulk Ltd:
                    Jeremy J.O. Harwood, Blank Rome LLP, New York, New York.

     Appeal from the United States District Court for the Southern District of New York (Cote, J.).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

     Appellant Macsteel International USA Corp. ("Macsteel") appeals from an opinion and order of the United States District Court for the Southern District of New York (Cote, J.) dismissing its admiralty action pursuant to Fed. R. Civ. P. 12 (b) or (c) based on a forum selection clause in the bills of lading. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

     Macsteel seeks to recover for damage to a cargo of wire rod coils that allegedly occurred during ocean transport on board the M/V Larch Arrow from Bayuquan, China to New Orleans, Lousiania. Stadt is the owner of the vessel, which was chartered to Gearbulk Limited. The cargo was carried pursuant to eight bills of lading issued by Gearbulk containing forum selection and choice of law clauses. The forum selection clause states:

> Jurisdiction:   Any disputes arising under the Bill of Lading to be decided in London according to English Law.

On January 10, 2008, in consideration of Macsteel not arresting the vessel M/V Larch Arrow, Stadt's surety issued a letter of undertaking ("LOU") was issued. The LOU provided that:

> This guarantee shall be governed by the law of the Netherlands.
> The undersigned [guarantor] and the Creditor submit to the
> jurisdiction of the competent court of law in Amsterdam for any
> dispute and claims hereunder.

Macsteel filed its complaint in the Southern District of New York on July 22, 2008. The defendants moved to dismiss under Fed. R. Civ. P. 12(b) or (c) pursuant to the forum selection clause in the bills of lading. The district court found that the language in the bills of lading was mandatory, requiring any legal proceedings to be brought in London. The district court also

2

rejected Macsteel's argument, made solely against Stadt, that Stadt waived the forum selection clause in the bill of lading by entering into the LOU with a different forum selection clause. The district court held that the explicit language of the LOU limited the choice of law and forum selection clauses to claims related to the guarantee. Finally, for the same reasons, the district court sua sponte dismissed the complaint against non-answering defendant M/V Larch Arrow.

"On an appeal of a district court's dismissal based on a forum selection clause, we review factual findings for clear error and legal conclusions de novo." Asoma Corp. v. SK Shipping Co., 467 F.3d 817, 822 (2d Cir. 2006). The district court properly dismissed the complaint based on the forum selection clause contained in the bills of lading. Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). "The party claiming unreasonableness of a forum selection clause bears a heavy burden; in order to escape the contractual clause, he must show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG, 121 F.3d 24, 32 (2d Cir. 1997) (quotation and citation omitted).

We perform a four-step analysis to determine whether a forum selection clause requires dismissal of a complaint: (1) whether the clause reasonably communicated to the party resisting enforcement; (2) is the clause mandatory or permissive, that is, "whether the parties are required to bring any dispute to the designated forum or simply permitted to do so; " and (3) whether the claims and parties involved in the suit subject to the forum selection clause. Phillips v. Audio Active Ltd., 494 F.3d 378, 383-84 (2d Cir. 2007). If the first three steps in the inquiry are satisfied, then the court turns to the final step, which is "to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. at 383-844.

Macsteel concedes that the clause was reasonably communicated; and the parties and claims involved in the instant action are subject to the forum selection clause. Plaintiff argues that the forum selection clause is permissive, not mandatory, because it lacks mandatory venue language. A mandatory forum selection clause grants exclusive jurisdiction to a selected forum, while a permissive forum selection clause only reflects the contracting parties' consent to resolve disputes in a certain forum, but does not require that disputes be resolved in that forum. Baosteel Am., Inc. v. M/V "OCEAN LORD", 257 F. Supp. 2d 687, 689 (S.D.N.Y. 2003). "For a forum selection clause to be deemed mandatory, jurisdiction and venue must be specified with mandatory or exclusive language. However, in the situation where only jurisdiction is specified, the clause will generally not be enforced without additional language indicating the intent of the parties to make jurisdiction exclusive." Central National-Gottesman, Inc. v. M.V. "GERTRUDE OLDENDORFF", 204 F. Supp. 2d 675, 678 (S.D.N.Y. 2002) (internal citation omitted). "Exclusive jurisdiction can be granted to a forum without the use of specific language of exclusion (e.g., 'only', 'solely', or 'exclusively')." Baosteel, 257 F. Supp.2d at 689.

3

Distinguishing the clause "any legal proceedings . . . are to be brought in England" found to be mandatory in <u>Phillips</u>, Macsteel argues that "there is a substantial difference between the use of the word 'decided' and 'brought.'" Macsteel relies on <u>Hartford Fire Ins. Co. v. Novocargo USA Inc.</u>, 156 F. Supp. 2d 372, 374 (S.D.N.Y. 2001). In <u>Hartford</u>, the relevant clause provided that "any dispute . . . shall be governed by German law and determined by the courts of Bremen." <u>Id.</u> at 374. Macsteel argues that just as "to be determined" was deemed "insufficiently exclusive," the language here, "to be decided," is also insufficiently exclusive, and thus cannot be mandatory. Stadt and Gearbulk argue that there is no practical difference between the phrases "decided in" and brought, and the district court therefore correctly decided that <u>Phillips</u> controls and dismissed the complaint.

By placing its focus on the difference between "to be decided in" and "to be brought in," plaintiff misses the point of <u>Phillips</u>. The analysis in <u>Phillips</u> court requires a court to focus on the "mandatory force of the words," that is, whether the language requires that an action be venued in a specifically designated forum. <u>Phillips</u>, 494 F.3d at 386-87. In <u>Phillips</u>, the requisite force is found in the phrase "are to be." <u>Id.</u> at 387 (distinguishing the "mandatory force of the words 'are to be'" from more permissive language where parties agree "to certain fora in which their disputes 'may' be brought"). Here, the forum selection clause stipulates that "any disputes arising under this Bill of Lading ***to be*** decided in London" (emphasis added). The "to be" language makes the forum selection clause mandatory. See <u>Central National-Gottesman</u>, 204 F. Supp. 2d at 678 (forum selection clause providing any disputes "to be decided in London according to English Law" mandatory, not permissive); <u>see also</u>, <u>e.g.</u>, <u>Indemnity Ins. Co. of N. Am. v. K-Line Am., Inc.</u>, No. 06 Civ. 0615, 2008 WL 492237, *7 (S.D.N.Y. Feb. 27, 2008) (forum selection clause providing that any dispute "shall be brought before the Tokyo District Court" mandatory, not permissive); <u>Indemnity Ins. Co. of N. Am. v. M/V Easline Tianjin</u>, Nos. 07 CV 959 (RPP), 07 CV 6008 (RPP), 2008 WL 418910 (S.D.N.Y. Feb. 14, 2008) (forum selection clause providing that any dispute "shall be determined by the court in the People's Republic of China" mandatory, not permissive). In addition, we agree with the district court that the choice of law and forum selection clause of the LOU applies only to the guarantee contained in the LOU itself; it does not modify or waive the forum selection clause in the bill of lading.

We have examined the remainder of Macsteel's claims and find them without merit.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____